IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEANNE FUNK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 09-773 |
| PROCONEX, INC. | : | |

**MEMORANDUM**

Ludwig, J.                                                                                           June 3, 2009

  This is an employment discrimination action, which was removed to this court from the Court of Common Pleas of Philadelphia on the ground of federal question jurisdiction. Docket no. 1. Plaintiff moved to remand, arguing the removal was untimely, because the original complaint was filed on December 23, 2008 and the action was not removed until February 23, 2009, after the thirty-day period permitted under 28 U.S.C. § 1446(b). Defendant counters it could not have concluded that plaintiff was pursuing federal claims until an amended complaint was filed on February 16, 2009. For the following reasons, the removal is held to have been timely.

  28 U.S.C. § 1446(b) "requires defendants to file their Notices of Removal within thirty days after receiving a writ of summons, praecipe, or complaint which in themselves provide adequate notice of federal jurisdiction." Foster v. Mutual Fire, Marine & Inland Ins. Co., 986 F.2d 48, 53 (3d Cir. 1993), *overruled on other grounds by* Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). The "thirty-day period begins to run when a defendant can reasonably and intelligently conclude" that a basis for removal exists. Santos v. Norfolk Southern Rwy Co., 2008 WL 4694558, at *4 (E.D. Pa., filed Oct. 22,

2008) (citations omitted).

Here, the original complaint included claims under Pennsylvania's Whistleblower Act and the Pennsylvania Human Relations Act.  It also described how the PHRA's procedural and administrative requirements had been met, but did not speak to exhaustion of administrative remedies under Title VII.  Complaint, Exhibit "A" to defendant's response, ¶ 11.  It included two references to "42 U.S.C. §2000e-1 et seq." at paragraphs 24 and 27.  However, defendant's counsel wrote to plaintiff's: "It is our understanding and belief that Ms. Funk's claims in Counts II and III are limited to the PHRA and do not include any Title VII claims. . . . If I do not hear from you [by the close of business on January 15, 2009], I will assume that our belief and understanding is correct and Ms. Funk's claims are in fact limited to Count I - Pennsylvania Whistleblower Law and Counts II and III - PHRA."  January 14, 2009 letter, Exhibit "B" to defendant's response.

Plaintiff's counsel did not respond.  Defense counsel filed preliminary objections, which were sustained.  On February 13, 2009, the Philadelphia Court of Common Pleas struck plaintiff's requests for a jury trial and punitive damages from the complaint.[1]  Plaintiff was granted leave to file an amended complaint, which she did on February 16, 2009.  It explicitly included claims under Title VII.  Amended Complaint, Exhibit "E" to defendant's response.

---

[1] The basis for the preliminary objections was that jury trial and punitive damages are not available under PHRA, and the complaint did not reference any other basis for the requested relief.  Defendant's memorandum at 4.  Plaintiff's Whistleblower claim was also stricken.  See February 13, 2009 order, Exhibit "D" to defendant's response.

Here, until the amended complaint was filed on February 16, 2009, defendant could not have reasonably concluded that plaintiff intended to pursue a Title VII claim in addition to the PHRA claim asserted in the original complaint. Therefore, the February 24, 2009 removal was timely, and plaintiff's motion to remand must be denied.

BY THE COURT:


 /s/ Edmund V. Ludwig
Edmund V. Ludwig, J.